UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

#12 (10/21 hrg off)

CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS Plaintiff's motion to remand

Before the Court is a motion to remand filed by Plaintiff Ronald Sanders ("Plaintiff"). *See* Dkt. # 12 ("*Mot.*"). Defendant Exide Technologies ("Defendant") opposes the motion, *see* Dkt. #14 ("*Opp.*"), and Plaintiff timely replied, *see* Dkt. # 15 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78: L.R. 7-15. Having considered the arguments in the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion.

I.   Background

Plaintiff worked as a non-exempt truck driver at Exide from approximately October 2013 until March 2019. *See Complaint*, Dkt. # 1-2 ("*Compl.*"), ¶ 18; *Declaration of Galit Knotz*, Dkt. #14-1 ("*Knotz Decl.*"), ¶ 4.

On June 24, 2019, Plaintiff filed this wage and hour putative class action in Riverside County Superior Court. *See generally Compl.* In the complaint, Plaintiff asserts causes of action against Defendant for (1) unpaid overtime wages, *id.* ¶¶ 43–51; (2) unpaid meal period premiums, *id.* ¶¶ 52–62; (3) unpaid rest period premiums and paid rest breaks, *id.* ¶¶ 63–73; (4) failure to pay minimum wages, *id.* ¶¶ 74–78; (5) failure to timely pay final wages, *id.* ¶¶ 79–84; (6) non-compliant wage statements, *id.* ¶¶ 85–91; (7) failure to reimburse business expenses, *id.* ¶¶ 92–95; and (8) unfair business practices, *id.* ¶¶ 96–102. On behalf of his proposed classes, Plaintiff seeks compensatory damages, liquidated damages for unpaid wages, restitution, penalties, injunctive relief, and attorneys' fees and costs.[1] *Id. Prayer for Relief* ¶¶ 1–49.

---

[1] Plaintiff seeks to represent "all current and former California-based . . . individuals employed (either directly or through a staffing agency or labor contractor) by Defendants within the State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

On July 25, 2019, Defendant removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332(a). *See generally Notice of Removal*, Dkt. # 1 ("*NOR*"). To satisfy the requirements for federal diversity jurisdiction, Defendant asserted that there is complete diversity between the parties and that the amount in controversy for at least one named plaintiff exceeds $75,000. *See id.* ¶¶ 20, 21–41. Because Plaintiff did not expressly plead a specific amount of damages in his complaint, Defendant calculated its own estimate of potential damages based on Plaintiff's allegations. *See id.* ¶¶ 21–41; *Opp.* 4:1–5.[2] Defendant also asserted supplemental jurisdiction over the claims of putative class members pursuant to 28 U.S.C. § 1367. *See NOR* ¶ 43.

Plaintiff now moves to remand, arguing that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Mot.* 5:13–16, 17:1–9. Plaintiff takes issue with the assumptions Defendant made in calculating the amount in controversy and argues that they are not adequately supported by evidence. *See generally id.*

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall

---

of California that were paid on an hourly basis" or "on a piece-rate basis at any time during the period from four years preceding the filing of [the] Complaint to final judgment." *See Compl.* ¶¶ 12–13. Plaintiff has proposed two classes: a class of employees who were paid on an hourly basis and a class of employees who were paid on a piece-rate basis. *See id.*

[2] The complaint states in a conclusory fashion that the amount in controversy for Plaintiff "is less than seventy-five thousand dollars." *See Compl.* ¶ 1. However, Plaintiff does not suggest that this allegation specifies the amount of damages sought. *See Mot.* 5:19–21 ("Here, Plaintiff's Complaint does not specify the amount of damages sought; nor does the Complaint specify the frequency of the alleged violations."); *see generally Reply*. The Court finds that it is unclear what amount of damages Plaintiff has sought. *See Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

An action is removable on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a) when there is (1) complete diversity of citizenship between the named plaintiff(s) and defendant(s), and (2) the amount in controversy for at least one named plaintiff plausibly exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) (stating that only the citizenship of the named class representatives must be diverse from that of the defendants); *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."). In cases where a plaintiff's state court complaint does not specify an exact figure for damages or the amount in controversy is not facially evident from the complaint, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant must prove it is "more likely than not" that the jurisdictional threshold is met. *Id.* Defendants are not obligated to "research, state, and prove the plaintiffs' claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal.) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)). However, a defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

III.    Discussion

The parties do not dispute that complete diversity of citizenship is satisfied. *See Opp.* 1:16–17; *Mot.* 1:20–25. Accordingly, the only issue in dispute is whether the requisite amount in controversy has been established.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

Plaintiff initially argues that Defendant only made "speculative assumptions" in its notice of removal, however, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) *only when* the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S.Ct. 547, 554 (2014) (emphasis added); *Mot.* 1:17–25, 17:2–9. Evidentiary submissions are not required in the notice of removal. *Dart Cherokee*, 135 S.Ct. at 551. Here, the notice of removal expressly alleges the amount in controversy has been met, discusses the claims alleged in the complaint, and explains the components of Defendant's estimate of the amount in controversy. *See NOR* ¶¶ 32–40. This is sufficient to state a plausible claim for diversity jurisdiction.

As Plaintiff now contests the sufficiency of the amount in controversy, the Court must determine whether the jurisdictional requirement has been satisfied by a preponderance of the evidence. *See Dart Cherokee*, 135 S. Ct. at 554. Defendant has submitted evidence in the form of declarations authenticating and providing summaries of Plaintiff's timekeeping records. *See Opp.* 6:27–7:6; *Knotz Decl.*; *Declaration of Lacey Chitwood*, Dkt. # 14-2 ("*Chitwood Decl.*"); *Declaration of David Stauder*, Dkt. # 14-3 ("*Stauder Decl.*"); *Declaration of Travis Randall*, Dkt. # 14-4 ("*Randall Decl.*").[3]

The Court concludes that Defendant has not met its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. The Court analyzes Defendant's estimates as to the meal and rest break claim, and the overtime claim and minimum wages and liquidated damages claim, and ultimately concludes that Defendant has not carried its burden to demonstrate the threshold amount in controversy.

    A.    <u>Meal and Rest Break Claims</u>

The complaint alleges that Defendant had a "pattern and practice" of failing to provide adequate meal and rest periods to Plaintiff and failing to compensate Plaintiff for the full meal and rest period premiums. *Compl.* ¶¶ 36, 57–60, 68–71. Plaintiff alleges that "during the relevant time period set forth [in the complaint]" he and other class members "were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than

---

[3] Plaintiff asserts separate evidentiary objections along with his reply. *See* Dkts. # 15-1, # 15-2, # 15-3. To the extent that the Court relies on objected-to evidence, it relies only on admissible evidence and, therefore, the objections are overruled. *See Godinez v. Alta-Dena Certified Dairy LLC*, No. CV 15-01652 RSWL (SSx), 2016 WL 6915509, at *3 (C.D. Cal. Jan. 29, 2016).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

thirty (30) minutes and/or rest period," and that Defendant "failed to pay . . . the full meal period premium due." *Id.* ¶¶ 57–60. Nearly identical language is used to allege that Defendant failed to adequately provide and compensate for rest periods. *Id.* ¶¶ 68–71. The applicable section of the California Labor Code requires payment of one hour of pay at the employee's regular rate of compensation in lieu of meal and rest periods not provided by the employer. *Id.* ¶¶ 62, 73; *see* Cal. Lab. Code § 226.7 ("If an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."). If both a meal period and a rest period are denied to an employee, he can recover "two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods." *Alvarez v. Office Depot, Inc.*, No. CV 17–7220 PSG (AFMx), 2017 WL 5952181, at *4 (C.D. Cal. Nov. 30, 2017) (quoting *United Parcel Serv., Inc. v. Superior Ct.*, 196 Cal. App. 4th 57, 69 (2011)).

Based on these allegations, Defendant initially calculated damages assuming one missed meal period and one missed rest period per day, for a total of ten violations per week. *See NOR* ¶ 33; *Opp.* 9:22–10:1. Defendant multiplied this by $19.70[4] and 189 weeks, the number of workweeks Plaintiff worked during the relevant period, for a total of $37,200. *See NOR* ¶ 33; *Randall Decl.* ¶ 4.

The Court is not convinced that the evidence supports an assumption of a 100 percent violation rate based solely on "pattern and practice" language in the complaint. Plaintiff argues that the complaint's "pattern and practice" language suggests a less prolific violation rate than that suggested by comparable language such as "uniform policy and practice" and "consistent policy of violations." *See Compl.* ¶ 24; *Reply* 4:1–27; *Vasquez v. Randstad US, L.P.*, No. 17-CV-04342-EMC, 2018 WL 327451, at *3 (N.D. Cal. Jan. 9, 2018). In *Ibarra*, the Ninth Circuit suggested that "a 'pattern and practice' of doing something does not necessarily mean *always* doing something," especially where the complaint did not allege that "this 'pattern and practice' is universally followed every time the wage and hour violation could arise." *Ibarra*, 775 F.3d at 1198–99.

In its opposition, Defendant offers a more conservative estimate for this category of damages. Defendant assumes a 60 percent rather than 100 percent violation rate, which equates

---

[4] Plaintiff's hourly rate during the relevant time ranged from $19.58 to $20.58. *See Randall Decl.* ¶ 4. Defendant states that $19.70 is Plaintiff's average rate of pay during the relevant period. *See NOR* 11:25–26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

to six violations per week. *See Opp.* 11:12–13. This provides a total of $22,339, which Defendant has rounded down to $22,300. *See id.* Plaintiff asserts that the Court should apply a 20 percent violation rate. *See Reply* 5:20–25. The Court accepts Defendant's proffered 60 percent violation rate as to the meal and rest break claims, and notes that this Court has previously accepted a 60 percent violation rate as to meal and rest period claims as reasonable in the CAFA context based on unqualified allegations in the complaint. *See Hull v. Mars Petcare US, Inc.*, No. 18-CV-1021 PSG (KKx), 2018 WL 3583051, at *4 (C.D. Cal. July 25, 2018) (60 percent violation rate for meal and rest break claims reasonable where the alleged violations are based on a standard policy); *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *5 (C.D. Cal. June 29, 2017) (60 percent violation rate for meal and rest period claims reasonable where the complaint included "uniform policy and systematic scheme" language); *Alvarez*, 2017 WL 5952181, at *3 (60 percent violation rate for meal break claims reasonable where the complaint alleged that Defendant had a "company-wide failure to provide adequate meal break coverage"). This provides a total of **$22,300** on the meal and rest break claims.

      B.      <u>Overtime Claim, and Minimum Wages Claim</u>

The complaint states that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week" and "[d]uring the relevant time period . . . Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff." *Compl.* ¶ 48–49. In addition, the complaint states that "[d]uring the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members." *Id.* ¶ 76. Plaintiff seeks to recover "for general unpaid wages and . . . liquidated damages pursuant to California Labor Code section 1194.2." *Id.* Prayer for Relief ¶¶ 24–28. For claims for failure to pay the minimum wage, California law allows courts to award liquidated damages in "an amount equal to the wages unlawfully paid and the interest thereon." Cal. Lab. Code § 1194.2(a); *see also Lucas v. Michael Kors (USA), Inc.*, No. CV 181608-MWF (MRWx), 2018 WL 2146403, at *6 (C.D. Cal. May 9, 2018).

Defendant assumes a violation rate of three hours of overtime per week in its notice of removal, and adds three hours of unpaid minimum wages per week in its opposition. This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

results in a total of $16,700[5] for the overtime claim; and $5,670[6] for the minimum wage claim with an additional $5,670 for liquidated damages. *See Opp.* 11:7–11. Plaintiff first contends that the three hours per week is an unsupported rate, and that a more appropriate rate is one hour per week. Plaintiff also argues that Defendant is "double counting" the minimum wage damages with the overtime claim damages. *See Reply* 6:12–7:11. In *Vasquez*, plaintiff's overtime and minimum wage claims were both premised on the notion that employees were forced to work through their meal and rest breaks and not paid for that time, thus, plaintiff claimed both minimum wages and overtime for each given instance of an unpaid break. *Vasquez*, 2018 WL 327451, at *3. "An employee cannot . . . be awarded double recovery. If an employee's total hours (including the unpaid time) exceeded the overtime threshold of 8 hours per day or 40 hours per week, then the employee would receive overtime damages, not minimum wage damages, for that time." *Id.* Here, Plaintiff argues that "Defendant has not shown that the unpaid minimum wages it includes in its amount in controversy estimate is distinct from the unpaid overtime wages," and thus the minimum wage damages estimate is duplicative of the overtime damages estimate. *See Reply* 7:5–6.

Defendant does not provide any explanation for its assumption of three hours of unpaid minimum wage damages and three hours of overtime damages per week. *See generally Opp.* Assuming that Defendant is impermissibly double counting the same time for the overtime claim and minimum wage damages claim, the Court will credit only the Defendant's overtime damages estimate. Thus, the total amount for the overtime claim and minimum wage and liquidated damages claim is **$16,700**.

Defendant separately argues that the minimum wage and liquidated damages claim may include recovery for the hours that Plaintiff has logged under the category "sleeper," because such time may fall within the definition of "hours worked" under California law based on *Ridgeway v. Wal-Mart Store, Inc.*, 107 F. Supp. 3d. 1044 (2015). *See Opp.* 16:15–17. Plaintiff does not explicitly seek compensation for time logged as "sleeper" in his complaint, although Plaintiff does seek compensation "for all hours worked and activities performed." *See Compl.* ¶ 16(g).

---

[5] Calculated as 3 hours/week x $19.70 per hour (average hourly rate) x 1.5 (overtime premium) x 189 weeks. *See NOR* 11 n.2.
[6] Calculated as $10 per hour (average minimum wage) x 3 hours/week x 189 weeks. *See Opp.* 11 n.7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

In *Ridgeway*, the court granted partial summary judgment to drivers on their claim that the defendant's piece-rate compensation system did not sufficiently compensate them. *See Ridgeway*, 107 F. Supp. 3d. at 1053–54. The court found that where a truck driver employed by the defendant was required to take mandatory "layover" periods, which were subject to the control of the employer and constrained to specific locations, such periods constituted "hours worked" and should have been compensated at least at the minimum wage rate. *See id*. The court relied on that employer's pay manual and the distinctions made therein. *See id.* 1054–55.

Defendant argues that Plaintiff's minimum wage claim is likely to include a dispute over Plaintiff's sleep time. *See Opp.* 15:4–19. Defendant provides evidence that Plaintiff logged 6,744 hours under the category "sleeper," and was not compensated by Defendant for any time logged under that category. *See Opp.* 2:20–28; *Stauder Decl.* ¶ 3. Defendant thus argues that Plaintiff may be required under California law to be compensated for those hours at the minimum wage rate, for a total of $70,073, and liquidated damages would double that amount. *See Opp.* 16:15–18, 17:18–28. Plaintiff counters that these damages and the case law cited by Defendant are inapposite to this case. *See Reply* 11:1–22. Plaintiff argues that he "has not made any allegation concerning a constrained ability to use his time as he pleases while on interstate trips. Nor has he put this at issue in the Complaint." *See id.* 11:14–16.

The Court agrees with Plaintiff that the wage and hour allegations in his complaint do not clearly allege a claim supporting a conclusion that these damages are in controversy. There is nothing in the complaint suggesting "that drivers were under similar control as that demonstrated in *Ridgeway*." *See id.* 11:13–14. The Court concludes that Plaintiff has not clearly put these damages into controversy in his complaint. The Court thus does not credit this estimate.

Defendant also provides estimates of **$4,000** for the wage statement claim, *see Opp.* 10:2, and **$25,795.61** for attorneys' fees, *see Opp.* 12:1–14:6. Plaintiff challenges these estimates. *See Reply* 7:12–10:10. However, the Court need not address Plaintiff's arguments. Accepting these estimates along with the meal and wage claim estimate of **$22,300** and the overtime claim and minimum wage claim estimate of **$16,700**, produces a total of **$68,795.61**. Defendant thus has not demonstrated by a preponderance of the evidence that more than $75,000 is in controversy.

IV. <u>Conclusion</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1367 PSG (SHKx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | Ronald Sanders v. Exide Technologies, et al. | | |

The Court concludes that Defendant has not shown by a preponderance of the evidence that more than $75,000 is in controversy. The Court therefore does not have jurisdiction under 28 U.S.C. § 1332(a). For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**. This order closes the case.

**IT IS SO ORDERED.**